[Civ. No. 50588. First Dist., Div. Two. Jan. 13, 1983.]

MICHAEL WEST et al., Plaintiffs and Appellants, v.
IDA M. BUFFO et al., Defendants and Respondents.

**COUNSEL**

Michael J. Matteucci and LaCroix & Schumb for Plaintiffs and Appellants.

John F. Mallen, in pro. per., Mallen & Cabrinha and Frank Ubhaus for Defendants and Respondents.

**OPINION**

**McKIBBEN, J.\*—** The question on this appeal is whether the rule pertaining to a due-on-sale clause in a deed of trust enunciated in *Wellenkamp* and *Dawn Investment* applies to an individual homeowner who sells her home and takes back a promissory note and deed of trust. We hold that it does.

In April 1978, the respondent sold her single family residence to Mr. and Mrs. David Lopez for $49,000, and as part of the purchase price received a note for $44,000 secured by a first deed of trust on the property. The note bore interest at 8¾ percent and was fully amortized for a 30-year term. It contained a typed due-on-sale clause: "In the event the herein described property . . . is sold, agreed to be sold, conveyed or alienated by the trustor . . . all obligations secured by this instrument, irrespective of the maturity dates . . . at the option of the holder hereof . . . shall immediately become due and payable."

In July 1979, the Lopezes sold the property to the Wests, appellants, for $62,500. The Wests took the property subject to the existing note and deed of trust held by respondent in the amount of $43,629 payable at $346 per month, paid $9,000 down and signed a second note and deed of trust in the amount of $9,871. Respondent Buffo refused to accept installment payments on the note. Following unsuccessful demands for a payoff, she commenced foreclosure pro-

*Assigned by the Chairperson of the Judicial Council.

ceedings in October 1979. In January 1980, appellants West filed an action for declaratory relief and an injunction.

In March 1980, respondent court denied appellants' request for a preliminary injunction to halt the foreclosure.[1]

*Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970], held that lender enforcement of a due-on-sale clause, contained in a deed of trust or promissory note secured by real property, constitutes an unreasonable restraint on alienation unless the lender can demonstrate that enforcement is reasonably necessary to protect against the impairment of security or risk of default.

*Dawn Investment Co.* v. *Superior Court* (1982) 30 Cal.3d 695 [180 Cal.Rptr. 332, 639 P.2d 974] concluded that the *Wellenkamp* rule applies not only to institutional lenders and to residential property but also to private noninstitutional lenders and to commercial property.

Respondent has produced no evidence of any impairment or threat of impairment to the security. The Supreme Court in *Wellenkamp, supra,* pointed to the fact that the buyer in an outright sale, in order to pay off the seller's equity, may make a large down payment creating an equity and providing additional incentive not to commit waste or prevent the property to depreciate. In the case at bar, the appellants have paid the sum of $9,000 as down payment against a $69,500 purchase price. This down payment by the appellants is a substantially greater down payment than that made by the Lopezes to whom respondent Buffo originally sold the property. Under *Wellenkamp,* appellants are a better risk than the Lopezes and have a greater incentive not to commit waste and to prevent the depreciation of the property.

Respondent seeks to distinguish *Dawn, supra,* on a number of grounds. It is urged that the lender in *Dawn* was a large scale noninstitutional corporation which owned and sold a 16-unit apartment house. We recognize that an individual homeowner falls into a special subclass of private lenders which was never expressly dealt with in *Dawn.*

Civil Code section 711 states that "[C]onditions restraining alienation, when repugnant to the interest created, are void."

---

[1]In March 1980, the Court of Appeal denied Wests' petition for writ of mandate and/or prohibition.

On April 30, 1980, the Supreme Court denied Wests' petition for hearing without prejudice to the timely notice of appeal. The Wests then filed an appeal but the matter was retransferred to us on April 28, 1982, for consideration in light of *Dawn Investment.*

The Supreme Court in *Coast Bank* v. *Minderhout* (1964) 61 Cal.2d 311 [38 Cal.Rptr. 505, 392 P.2d 265], interpreted this rule to forbid only unreasonable restraints on alienation. In determining whether enforcement of a due-on-sale clause constituted an unreasonable restraint on alienation *Wellenkamp, supra,* considered both the *quantum of restraint* imposed by enforcement of the due-on-sale clause and the justification for enforcement of a particular restraint.

The greater the quantum of restraint that results from enforcement of a given clause, the greater must be the justification for that enforcement. *Dawn, supra,* found that the quantum of restraint that resulted from automatic enforcement of due-on-sale clauses by private lenders when compared with enforcement by institutional lenders was substantially similar. We believe that substantial similarity also exists when comparing the quantum of restraint resulting from automatic enforcement of due-on-sale clauses by noninstitutional lenders with the enforcement by the individual homeowner. If the lender is permitted to accelerate the note, the transfer of the property may be prohibited entirely due to the buyer's inability to obtain a new loan regardless of whether the lender is a single family owner or a corporation owning an apartment complex. Or the buyer facing the increased interest may insist that the seller lower the purchase price with the seller losing part of his equity interest.

Respondent urges that this reasoning cannot be applied here as the Lopezes resold the property in slightly more than a year for $13,500 (28 percent) more than they paid for it and therefore it would not be unfair if they had to lower the selling price. Such interpretation is incorrect. In *Wellenkamp* and *Dawn* the court noted that it was the state policy to protect and to preserve home equities. (Health & Saf. Code, § 50007.)

Turning to the issue of justification, respondent urges that it would be inequitable to require her to wait 30 years to be paid off when she bargained for something else. This argument misses the point. She did bargain for a 30-year loan. She agreed to carry the note because the Lopezes were unable to obtain institutional financing. Like a large number of sellers, she could have decided to carry a short-term note. She apparently decided on long-term financing that would terminate upon an occurrence of a condition. That condition might have never occurred. Had the Lopezes continued to own the house for the next 29 years, she could not have complained of being a victim of inflation.

In conclusion we hold that no substantial reason has been shown to treat a single family homeowner differently than a corporate owner in respect to the restraint on alienation resulting from enforcement of due-on-sale clauses.

The judgment is reversed.

Rouse, Acting P. J., and Grodin, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.